UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S.E.I.U. LOCAL NO. 4 PENSION FUND, S.E.I.U.
LOCAL NO. 4 HEALTH & WELFARE FUND and HAL
RUDDICK, Trustee on behalf of both funds,

    Plaintiffs,

  v.

PINNACLE HEALTH CARE OF BERWYN LLC, an
Illinois limited liability company,

    Defendant.

Judge Zagel
Magistrate Judge Denlow
Case No. 06 C 0040

## MOTION FOR ENTRY OF JUDGMENT

Plaintiffs move for the entry of judgment in favor of Plaintiffs and against Defendant in the amount of $40,583.54, stating the following in support:

1. This is an action pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as amended, and §502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(3), as amended, to collect delinquent employer contributions to employee benefit plans.

2. On July 3, 2007, this Court granted in part Plaintiffs' motion for summary judgment, entering judgment against Defendant for contributions acknowledged by Defendant in contribution reports that it had submitted to the Funds, but not paid. By order dated July 13, 2007, the Court set the matter for status on July 27, 2007, to discuss Plaintiffs' claims for periods for which Defendant had submitted no reports.

3. On July 25, 2007, Plaintiffs moved for injunctive relief, seeking in part to compel Defendant to submit contribution reports for the periods for which it previously failed to do so.[1]

---

[1] The Court entered and continued until October 5, 2007, the portion of Plaintiffs' motion seeking a per-

1

4. As the parties represented in open court on July 27, 2007, Defendant tendered the overdue contribution reports on July 26, 2007. Those reports are attached as Exhibit A-1.

5. Defendant, through its counsel, also represented in open court that it intended to stipulate to a judgment based upon the amounts of the delinquencies shown in the just-submitted reports. On the basis of this representation, Plaintiffs withdrew the portion of their motion seeking production of the delinquent contribution reports and remission of the contributions indicated. To date, Plaintiff has not stipulated to the entry of judgment. (Exh. A, Declaration of David Huffman-Gottschling, at ¶ 4.)

6. Defendant's liability to Plaintiffs for contributions has already been established; remaining was simply the assessment of damages for the periods for which Defendant had not yet reported its employees' hours. Damages may now be assessed, as Defendant has acknowledged in writing the amount of its liability. Specifically, Defendant has acknowledged owing $13,570.70 in delinquent contributions to the Pension Fund for the months June and July 2006 and January through June 2007, and owing $18,360.00 in delinquent contributions to the Welfare Fund for the months March through June 2007.

7. It has also already been established that Defendant owes interest at the rate of 1% per month and liquidated damages of 20% on these amounts. Therefore, Defendant owes $1,237.46 in interest and $2,714.14 in liquidated damages to the Pension Fund, and $1,029.24 in interest and $3,672.00 in liquidated damages to the Welfare Fund. The calculation of interest is indicated on the spreadsheet attached as Exhibit A-2.

8. Finally, the Court indicated in its July 13, 2007, order that another purpose of the July 27, 2007, status date was discussion of the assessment of attorneys' fees and costs, but those

---

manent injunction compelling Defendant's timely reporting of employee hours and remission of contributions on an ongoing basis in order to evaluate Defendant's post-judgment compliance with its reporting and payment obligations.

matters were not discussed at the status. Plaintiffs propose that the deadline for submission of their bill of costs be set at thirty days after entry of the judgment sought in this order, pursuant to Local Rule 54.1, and that Plaintiffs' deadline to move for attorneys' fees be set at ninety days after entry of the judgment sought in this order, pursuant to Local Rule 54.3.

WHEREFORE, the Plaintiff respectfully asks the Court for the following relief:

(a) to direct the Clerk of Court to enter a judgment in favor of Plaintiffs and against Defendant in the total amount of $40,583.54, which amount consists of (i) $13,570.70 in delinquent contributions to the Pension Fund for the months June and July 2006 and January through July 2007; (ii) $1,237.46 in interest to the Pension Fund; (iii) $2,714.14 in liquidated damages to the Pension Fund; (iv) 18,360.00 in delinquent contributions to the Welfare Fund for the months May through July 2007; (v) $1,029.24 in interest to the Welfare Fund; and (vi) $3,672.00 in liquidated damages to the Welfare Fund;

(b) to order that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment in the above amount;

(c) to order that, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are awarded their costs and reasonable attorneys' fees; and that, pursuant to LR 54.1, Plaintiffs shall file their bill of costs within thirty days after entry of judgment pursuant to this order and, pursuant to LR 54.3, shall file their motion for attorneys' fees within ninety days after entry of judgment pursuant to this order; and

(d) for such further or different relief as the court deems appropriate.

          Respectfully submitted,

          s/ David Huffman-Gottschling
          One of Plaintiffs' attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that, by filing it through the ECF system, I caused a copy of the foregoing document to be served electronically upon the following person on September 7, 2007:

    Mr. Carey Stein
    Ashman & Stein
    150 N. Wacker Dr., Ste. 3000
    Chicago, IL 60606

          s/ David Huffman-Gottschling
          David Huffman-Gottschling